**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TYRONE WILMINGTON, | ) | CASE NO.5:04CR372 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

Before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #78). Petitioner contends he was given ineffective assistance of counsel at trial and sentencing, that the Government failed to turn over impeaching evidence, and the cumulative error of such grounds warrant relief. For the following reasons, the Court denies Petitioner's Motion.

## FACTS

On June 8, 2004, a federal grand jury indicted Petitioner for Conspiracy to Possess with Intent to Distribute and Distribution of more than 50 grams of Crack Cocaine, and to Possess with Intent to Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D), and 846 in Count One. Count Two charged Petitioner with Unlawfully Using a Communication Facility to Facilitate

1

Drug Trafficking, in violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2. On January 18, 2005, Petitioner proceeded to a jury trial and on January 21, 2005, Petitioner was found guilty of both counts. On April 12, 2005, the Court sentenced Petitioner to 168 months imprisonment on Count One, and 48 months on Count Two, to run concurrent.

On April 21, 2005, Petitioner filed a timely Notice of Appeal. The Sixth Circuit Court of Appeals affirmed the Court's judgment on June 22, 2006. On January 3, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The Government filed its Opposition on March 8, 2007. On March 5, 2010, the Court appointed counsel for Petitioner. The Court subsequently denied without prejudice Petitioner's previously-filed Motion to Vacate, ordering a new Petition to be filed. Appointed counsel filed the instant Motion to Vacate on July 6, 2010. The Government filed its Brief in Opposition to Petitioner's Motion to Vacate, Set Aside or Correct Sentence on November 22, 2010.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner's Motion asserts the following Grounds for Relief:

> **GROUND ONE:** Ineffective assistance of counsel at trial
>
> **GROUND TWO:** Government failed to turn over impeachment material regarding expert witness Lee Lucas.

**GROUND THREE:** Ineffective assistance of counsel at sentencing.
**GROUND FOUR:** Cumulative error.

In Grounds One and Three, Petitioner contends that counsel was ineffective at trial for failing to object to testimony and evidence, failing to investigate witnesses and during jury instructions. Petitioner contends that counsel was also ineffective at sentencing for failing to request a downward variance. The Government asserts that Petitioner was afforded effective assistance of counsel because his attorney's performance did not fall below the standard of reasonableness.

A defendant seeking to establish ineffective assistance of counsel must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), where the Supreme Court formulated the following test: First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 687. Judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689.

Petitioner contends that trial counsel should have objected to testimony regarding Western Union transactions. After reviewing the record, the Court agrees with the Government that the testimony Petitioner challenges was entirely relevant in establishing the conspiracy. The witness's testimony about the wire transfers in question was relevant to aid in establishing the conspiracy and Petitioner's pattern of criminal conduct. Thus, the evidence was clearly admissible and there was no basis to

3

object.

Petitioner contends that counsel should have objected to the testimony of a lay witness and should have requested a curative instruction.  Although Petitioner asserts that the testimony was prejudicial, Petitioner cannot show that counsel's failure to act played a determining role in the jury's guilty verdict.  Petitioner has failed to show that even if counsel had objected, the Court would have disallowed the testimony.  The Court finds that Petitioner has failed to establish that the results of the trial would have been different.

Petitioner contends that counsel was ineffective for failing to investigate potential defense witness.  The Government asserts that Petitioner must show that it was objectively unreasonable not to investigate these witnesses, and were it not for this failure the result of his trial would have been different. *Strickland,* 466 U.S. at 687.  The Court agrees that the strategy of counsel may have been a reasonable tactical decision.  A reviewing court  must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 689.  Petitioner has failed to show that the outcome of the trial would have been different if counsel had interviewed these witnesses and therefore, counsel was not ineffective for employing this strategy.

Petitioner contends that counsel was ineffective for failing to object to a statement made by the Government during closing argument.  The Government points out that the Sixth Circuit Court of Appeals has considered a Section 2255 petition where a defendant complained that his trial counsel rendered ineffective assistance where the attorney failed to object to statements by the government during closing argument. *See Reed v. United States*, 133 Fed. Appx. 204, 2005 WL 1312270 (6th Cir. May 13, 2005) (unpublished). During its review of the first prong of the *Strickland* test,

4

the Court stated that "[a] failure to object to a prosecutor's comments . . . does not fall below an objective standard of reasonableness unless the comments constituted prosecutorial misconduct." Id. at 208 (citing *Anderson v. United States,* 246 F.Supp. 2d 758, 762 (E.D. Mich. 2003); *Cook v. Stegall*, 56 F.Supp. 2d 788, 794 (E.D. Mich. 1999)).

After reviewing the record, the Court finds that the jury instructions included the explicit instruction that a closing argument is not evidence. The Court later instructed the jury to only consider testimony given by witnesses under oath, as well as the exhibits and the stipulations. In order for trial counsel to render ineffective assistance in failing to object to the government's statements during closing argument, the statements themselves must have constituted prosecutorial misconduct. *See Reed*, 133 Fed. Appx. at 208. The Court agrees that there is no reason to believe that the jury considered the closing arguments as testimony and therefore, counsel was not ineffective for failing to object during closing arguments.

Petitioner contends that counsel was ineffective for failing to request a jury instruction showing a buyer-seller relationship. A review of the record shows that the evidence presented at trial established a conspiracy. Petitioner's vague reference to requiring additional discovery in order to develop and pursue this claim of a buyer-seller relationship is insufficient to vacate a conviction. Petitioner cannot show that counsel's failure to request a specific jury instruction would have resulted in a different outcome and therefore, counsel's assistance was not ineffective.

In Ground Three, Petitioner contends that trial and appellate counsel were ineffective for failing to object to or correct the sentence. Petitioner contends that counsel should have objected to the Court's ruling regarding the downward departure. Petitioner further asserts that counsel was ineffective for failing to request a downward variance pursuant to *United States v. Booker,* 543 U.S. 220 (2005).

A review of the record shows that the trial Court agreed with counsel that

5

Petitioner's criminal history was over-represented and thus departed from a criminal history Category V to a Category IV. The Court was aware that Petitioner was not classified as a career offender. With a criminal history Category IV, and an adjusted offense level of 32, Petitioner was subject to a range of 168-210 months and was sentenced to 168 months. The Court sentenced Petitioner to the low end of the sentencing range. There is nothing in the record to suggest that the Court would have departed more than one level given Petitioner's criminal history even if counsel had objected. Therefore, Petitioner has failed to show that counsel's assistance was ineffective.

Petitioner contends that both trial and appellate counsel were ineffective for failing to request a downward variance and failing to raise relevant factors pursuant to *Booker*. Petitioner asserts that the error resulted in a higher sentence. After reviewing the record, the Court finds Petitioner's history and characteristics were considered, and the need to protect the community and to adequately address the crime and reduce the rate of recidivism were considered. The Court acknowledged the factors and was not required to perform a "ritualistic incantation" of them. *See United States v. Petrus*, 588 F.3d 347, 353 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007)). The Court also thoroughly explained the basis for the sentence imposed. Therefore, the Court finds that Petitioner has failed to make clear which factors counsel should have raised, thus failing to establish how the outcome of his case might have been different had he done so.

Petitioner has failed to demonstrate that due to the prejudicially ineffective assistance of trial and appellate counsel he is serving an unconstitutional, procedurally and substantively unreasonable sentence. An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691. Petitioner has

6

failed to show how the supposed errors he raises would have changed the outcome of his case. Therefore, for the foregoing reasons, Grounds One and Three are denied.

In Ground Two, Petitioner contends that the Government withheld impeaching material by not disclosing that there were credibility issues with one of their witnesses. Petitioner asserts that the Government used the challenged witness' testimony to corroborate and bolster the testimony of another witness. In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Subsequent Supreme Court precedent, including *Giglio v. United States*, 405 U.S. 150 (1972), determined that *Brady's* duty of disclosure encompasses not only exculpatory evidence but impeachment material as well. *Giglio,* 405 U.S. at 154.

The Government points out in its Brief in Opposition that a showing that the admission of the excluded evidence would have merely created a "reasonable possibility" of a different verdict is insufficient to undermine confidence in the outcome; the burden is instead on the accused to "establish a reasonable probability of a different result." *Strickler v, Greene*, 527 U.S. 291.

A "*Brady* claim" has three essential components: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued. *Strickler,* 527 U.S. at 281-82. To prevail on a "*Brady* claim," the defendant has the burden of establishing all three components. *Id.* To show "prejudice" under *Strickler*, it is incumbent upon the defendant to satisfy the previously outlined "materiality" inquiry. *Id.* at 282. "[S]trickly speaking, there is never a real '*Brady* violation' unless the non-disclosure was so serious that there is a reasonable probability

7

that the suppressed evidence would have produced a different verdict." *Id.* at 281. The impact of the withheld evidence must be analyzed and assessed "in the context of the entire record." *United States v. Agurs*, 427 U.S. 97, 112 (1976).

After reviewing the record, the Court finds that there was substantial evidence presented at trial, including telephone toll records, the Western Union records, scientific evidence revealing the presence of Petitioner's fingerprint impressions on the drug parcel, and the items of evidence recovered from Petitioner's residence when the anticipatory search warrant was executed. It is clear from the record that the witness' testimony was not critical to the Government's case. The Government produced an abundance of direct, circumstantial and scientific evidence. The Court agrees that it cannot reasonably be concluded that the outcome of the trial would have been different if the witness' character had been assailed or his opinions discredited. Therefore, Ground Two is denied.

In Ground Four, Petitioner contends that he was denied his constitutional rights due to the cumulative effect of the errors raised in this Petition. Petitioner has provided no factual basis for vacating his sentence. In the absence of facts beyond mere conclusory allegations, this Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance was unreasonable. Furthermore, the Court finds that further inquiry into the witness' credibility and character would not have shown that Petitioner was prejudiced by the non-disclosure. Petitioner has failed to show that additional discovery is required. Therefore, Ground Four is denied. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of

arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

>In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

>To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

>Because this Court has determined the claims made by Petitioner in his Motion

to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial

of constitutional right. Therefore, the Court will not issue a certificate of appealability.

      IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2011 | s/Christopher A/ Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |